IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Court No. 22-00170 |

## COMPLAINT

1.　　Plaintiff Hyundai Steel Company ("Hyundai Steel") by and through its counsel hereby allege and state as follows:

### JURISDICTION

2.　　Hyundai Steel brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the final results of the administrative review of the countervailing duty ("CVD") order on hot-rolled steel flat products ("hot-rolled steel") from the Republic of Korea, Case No. C-580-884, issued by the International Trade Administration of the United States Department of Commerce ("Commerce"). *Certain Hot-Rolled Steel Flat Products from the Republic of Korea.  See Certain Hot-Rolled Steel Flat Products From the Republic of Korea: Final Results of Countervailing Duty Administrative Review, 2019,* 87 Fed. Reg. 27,570 (Dep't Commerce May 9, 2022) ("*Final Results*") and accompanying Issues and Decision Memorandum ("*Final Results Decision Memo*").

3.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this action is commenced pursuant to 19 U.S.C. § 1516a.

### PARTIES AND STANDING

4.　　Hyundai Steel manufactures hot-rolled steel from the Republic of Korea and

14197285–1

1

exports it to the United States. Plaintiff is therefore an interested party within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Plaintiff was also a party to the administrative proceeding that led to the determination that is being challenged herein, as Plaintiff was selected by Commerce as the sole mandatory respondent, responded to all of Commerce's questionnaires during the course of the proceeding, and submitted a case brief to Commerce. Accordingly, Plaintiff has standing pursuant to 28 U.S.C. § 2631(c) to commence this action.

## TIMELINESS OF THE ACTION

5. On May 9, 2022, Commerce published in the Federal Register the *Final Results* of the 2019 administrative review of the CVD order on hot-rolled steel from Korea. 87 Fed. Reg. at 27,570. Plaintiff timely filed a Summons on June 6, 2022, within thirty days of the publication of the *Final Results* in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of this Court. Within thirty days after June 6, 2022, Plaintiff timely files this complaint.

## STATEMENT OF FACTS

6. On December 8, 2020, Commerce initiated an administrative review of the CVD order on hot-rolled steel from Korea. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 78,990 (Dep't Commerce Dec. 8, 2020). Commerce's period of review ("POR") was January 1, 2019 to December 31, 2019.

7. On January 12, 2021, Commerce selected Hyundai Steel as the sole mandatory respondent in this administrative review and issued initial questionnaires to Hyundai Steel and the Government of Korea ("GOK") on January 19, 2021. *See* Memorandum to Shawn Thompson, Director, Office V, AD/CVD Operations from Kelsie Hohenberger, International

Trade Compliance Analyst, Office V, AD/CVD Operations, "Administrative Review of the Countervailing Duty Order of Certain Hot-Rolled Steel Flat Products from the Republic of Korea: Respondent Selection," (January 12, 2021) (on record of Case No. C-580-884); Letter from Robert Galantucci, Program Manager, Office V, Enforcement and Compliance to Jinman Ro, Commercial Attache, Representative of the Embassy of Korea, "Administrative Review of the Countervailing Duty Order on Certain Hot-Rolled Steel Flat Products from the Republic of Korea: Initial Questionnaire" (Dep't Commerce January 19, 2021) (on record of Case No. C-580-884).  Hyundai Steel filed its response to Commerce's initial questionnaire on March 4, 2021.  *See* Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, Case No. C-580-884: Hyundai Steel's Initial Questionnaire Response," (March 4, 2021) ("Hyundai Steel's IQR").

8. In the 2018 administrative review of *Hot-Rolled Steel from the Republic of Korea*, the petitioner, Nucor Corporation, filed a new subsidy allegation alleging in part that the GOK provides carbon emission permits at less than adequate remuneration ("LTAR").  *See* Letter from Robert Galantucci, Program Manager, Office V, AD/CVD Operations, Enforcement & Compliance to Morris, Manning & Martin LLP, "Countervailing Duty Administrative Review of Certain Hot-Rolled Steel Flat Products, 2019: Hyundai Carbon Emissions Program Questionnaire," at Attachment I and Attachment II (Apr. 26, 2021) (on record of Case No. C-580-884).  In that review, the Department determined that it would initiate an investigation into the alleged provision of carbon emission permits for LTAR in the instant administrative review.  *See id.* at Attachment II.  Accordingly, on April 26, 2021, Commerce initiated an investigation into the alleged provision of carbon emissions permits for LTAR, and issued questionnaires to Hyundai Steel and GOK regarding the alleged program.  *Id.* at Attachment I.

9.     Hyundai Steel and the GOK responded to the carbon emissions questionnaires on May 17, 2021.  *See* Letter from Morris, Manning & Martin LLP to Sec'y Commerce, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, Case No. C-580-884: Hyundai Steel's Carbon Emissions New Subsidy Allegation Questionnaire Response" (May 17, 2021) ("Hyundai Steel Carbon Emissions Response"); Letter from Yoon & Yang LLC to Sec'y Commerce, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, Case No. C-580-884: GOK's Carbon Emissions New Subsidy Allegation Questionnaire Response" (May 17, 2021) (on record of Case No. C-580-884) ("GOK NSA Response").

10.    In its response, Hyundai explained that companies that emit a certain volume of carbon dioxide or equivalents are subjected to the Korea Emission Trading Scheme ("KETS") and allocated carbon emissions permits that represent an emissions limit the GOK imposes on each company.  Hyundai Steel Carbon Emissions Response at Exhibit NSA-1.  In its response, the GOK explained that it provides entities permits in an amount determined to be 97 percent of the entity's applicable emissions allocation.  *See* GOK NSA Response at Appendix SQA-1.  To acquire the remaining 3 percent of the emissions allocation, entities must purchase permits from third companies or through a GOK-run auction.  *See* GOK NSA Response at Appendix SQA-1.  However, the GOK provides 100 percent of the permits allocated to certain entities who meet minimum production cost and international trade exposure, or "intensity," thresholds.  *See* GOK NSA Response at Appendix SQA-1.  Those who exceed the annual emissions cap must either purchase additional emissions permits or be subjected to fines.  *See* GOK NSA Response at Appendix SQA-1.  Hyundai Steel explained that its actual emissions exceeded its allocated permits and that it was required to purchase additional permits from private parties at significant expense.  Hyundai Steel Carbon Emissions Response at Exhibit NSA-1.

11. On November 4, 2021, Commerce issued its *Preliminary Results*. *See Certain Hot-Rolled Steel Flat Products From the Republic of Korea: Preliminary Results of Countervailing Duty Administrative Review and Rescission in Part; 2019,* 86 Fed. Reg. 60,797 (Dep't Commerce Nov. 4, 2021) ("*Preliminary Results*") and accompanying Decision Memorandum ("*Prelim. Decision Memo*"). In its *Prelim. Decision Memo,* Commerce preliminarily determined that the GOK relieved companies who received the additional three percent allocation from the financial burden of purchasing the additional permits. *Prelim. Decision Memo* at 20. Additionally, Commerce found that the GOK provides "something of value on which it could collect revenue" because companies could purchase the additional permits from a GOK-run auction. *Id* at 20. Commerce also preliminary determined that the program was *de jure* specific because companies that meet the trade intensity or production cost criteria automatically qualify for the additional three percent allocation. *Id* at 20.

12. On January 11, 2022, Hyundai Steel timely filed its case brief. *See* Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, Case No. C-580-884: Hyundai Steel's Case Brief" (Jan. 11, 2022) at 3-18 ("Hyundai Steel Case Brief"). Hyundai Steel argued that the KETS places a significant burden and costs on those subject to it and thus did not provide a benefit to Hyundai Steel. *See* Hyundai Steel Case Brief at 7. Specifically, Hyundai Steel explained that it had to purchase additional credits to meet its actual level of emissions at a significant financial burden. *Id.* at 7. Hyundai Steel also argued that the GOK's provision of the additional 3 percent allocation to Hyundai Steel did not constitute a financial contribution because no revenue would have been "otherwise due" to the GOK as the additional 3 percent of permits likely would have been purchased from third parties, not the GOK, *i.e.,* the GOK would not have received the revenue.

5

*Id.* at 10-11. As support, Hyundai Steel cited to the fact that 80 percent of the additional permits are acquired on the private market, not from the GOK. *Id.* at 13. Hyundai Steel also argued that the additional 3 percent allocation of emissions permits is not *de jure* specific because it merely allocates the additional permits based on production and trade criteria but does not limit access to the permits. *Id.* at 15-17. Any industry or enterprise may purchase the additional permits. *Id.* at 16-17.

13. In the *Final Results*, Commerce found that the provision of the additional 3 percent of carbon emissions permits was countervailable. *Final Results Decision Memo* at 17. Specifically, Commerce found that a financial contribution existed because the GOK was forgoing revenue otherwise due for the additional 3 percent allocation. *Id.* at 21. Commerce also found that the provision of carbon emission credits to be *de jure* specific on the grounds that criteria establish that some industries may receive the additional credits while others do not, and thus Commerce rejected Hyundai Steel's argument that the allocation does not limit access to the additional allocation to an industry or enterprise. *Id.* at 22-23. The benefit was calculated as the difference between Hyundai Steel's receipt of 100 percent of its emissions permit allocation, and the standard 97 percent allocation. *Id* at 23.

14. Thus, in the *Final Results*, Commerce calculated a 0.10 percent *ad valorem* subsidy for the carbon emissions program and, in total, calculated an *ad valorem* subsidy rate of 0.56 percent for Hyundai Steel. 87 Fed. Reg. at 27,570. This was over the *de minimis* threshold, as stated above.

15. This appeal followed.

## STATEMENT OF CLAIMS

16. Commerce's *Final Results* is unsupported by substantial evidence and is

otherwise not in accordance with law in the following respects:

## **Count One**

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. Commerce's determination that the GOK's provision of carbon emission permits to Hyundai Steel constitutes a countervailable subsidy is unsupported by substantial evidence and is otherwise not in accordance with law.

## PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff Hyundai Steel respectfully requests that this Court:

   a. Hold Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law;

   b. Remand the *Final Results* to Commerce for a redetermination consistent with the judgment and findings of this Court; and

   c. Provide such other relief as this court deems appropriate.

Respectfully submitted,

**MORRIS MANNING & MARTIN LLP**
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4116

/s/ Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

*Counsel for Plaintiff Hyundai Steel Company*

Dated: July 5, 2022

14197285–1